### GREEN *v.* WILSON.

In the case of a contract by the defendant to pay the plaintiff a stipulated sum for doing a certain work, evidence that before the work was begun the defendant told the plaintiff that he would not pay the agreed price because of a misunderstanding between the parties as to the defendant's rights in the premises, and that the plaintiff said, " We will settle it some way : if we can't agree, we will leave it out," to which the defendant made no reply, has a tendency to show that the plaintiff's compensation for afterwards doing the work depended upon the principle of *quantum meruit,* and that the contract was modified to that extent.

ASSUMPSIT. The plaintiff's evidence tended to show that he and the defendant had a common interest in building and maintaining a certain dam, but the plaintiff admitted that the defendant had the first right to use the water of the stream across which the dam was built. In the spring of 1872 it was agreed that he should build a dam at the place where it was subsequently built, and should warrant it to stand ten years, and that the defendant should pay him $500 as his part of the expense of building and maintaining it for that time. . It was the expectation of the parties that it would be built in the season of 1872, but on account of high water it was not built until the summer of 1873.

The defendant admitted the contract, but claimed that he agreed to it upon the representation of the plaintiff that he had no right to use the water of the stream except as subject to the plaintiff's right, and that the plaintiff was to give him a right to use sufficient water for his mill; that when he learned that he had the prior right to the water, he refused to pay the $500, and so notified the plaintiff.

The plaintiff testified, that in August, 1873, the river was low, and he told the defendant that then was the time to put in the dam ; that the defendant replied, " I can't pay what I agreed to, because it was not put in last year;" that he then said to the

defendant, "Let us take hold now, and put it in while the water is low, and we will settle it in some way; if we can't agree, we will leave it out," to which the defendant made no reply.   The plaintiff's counsel requested the court to instruct the jury that if they believed that a new agreement or understanding was come to by the parties in August, 1873, before the work of putting in the dam was begun by the plaintiff, whereby the plaintiff was to be paid so much as he reasonably ought to receive from the defendant for building the dam, they might return a verdict for the plaintiff for such sum; but the court declined to give these instructions, on the ground that there was no evidence on which to base them. The plaintiff excepted.   Verdict for the defendant.

*Ladd & Fletcher* and *Twitchell*, for the plaintiff.

*Ray, Drew & Jordan*, for the defendant.

FOSTER, J.   The instructions requested by the plaintiff should have been given.   They were based upon the theory that the agreement as at first entered into between the parties was subsequently modified, so that the plaintiff was entitled to recover a reasonable compensation for the services performed.   It appears from the case that it was the expectation of the parties that the dam would be built in the season of 1872.   Upon the failure of that expectation, a controversy arose between them, and in August, 1873, it was finally agreed that the work should be done, but without any understanding as to what, if anything, should be paid for the work, except that the plaintiff said, "If we can't agree, we will leave it out."   Here, then, was evidence for the consideration of the jury, of a substitution of a new agreement for the old one; an agreement that the work should be done, and the value of the plaintiff's services subsequently determined; an agreement by which the plaintiff's compensation would depend upon the principle of *quantum meruit*.   The defendant's final agreement, in August, 1873, that the work should be done, was evidence of his acceptance of the new proposition then made by the plaintiff in substitution for the agreement of 1872; and in this view the plaintiff was entitled to the instructions requested.

*Verdict set aside.*

STANLEY, J., did not sit: the others concurred.